## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

In re:

Premium Escrow Services, Inc.,                     Case No. --

                Debtor.

### REPLY IN SUPPORT OF MOTION FOR LEAVE TO APPEAL
### BANKRUPTCY COURT'S ORDER DENYING
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Premium of America, LLC ("POA"), respectfully replies to the United States Trustee's

Objection to POA's Motion for Leave to Appeal Bankruptcy Court's Order Denying Motion to

Dismiss for Lack of Subject Matter Jurisdiction ("Obj.").  The Trustee effectively concedes

several of POA's arguments, and makes arguments that actually support POA's Motion for

Leave to Appeal.

### BACKGROUND

In its memorandum in support of its Motion for Leave to Appeal ("Motion"), POA set out

well-established law governing interlocutory appeals from bankruptcy courts to district courts.  It

then showed that the appeal, turning on subject matter jurisdiction, necessarily presents a

controlling question of law; that immediate appeal may materially advance the termination of

this litigation, both because the appeal involves an overriding question of law and because "[t]his

litigation is in its infancy"; and, finally, that there is a substantial ground for difference of

opinion regarding Judge Teel's order, because neither he nor the Trustee has identified any

analogous case, in or out of the District of Columbia, supporting post-confirmation jurisdiction

over a corporate-governance dispute involving conduct "that neither breached the reorganization

plan nor adversely affected the ability of the entity to comply with the plan." *See* Motion at 6-8.

　　In objecting to this straightforward argument, the Trustee, after a page and a half of

avoiding the elements of the governing standard, Obj. at 4-5, effectively admits that POA's

motion presents a controlling question of law, *see id*. at 5. He, however, (1) briefly contends that

an immediate appeal would not materially advance the ultimate termination of the litigation, *id*.

at 7, and (2) at somewhat greater length claims that there is no substantial ground for difference

of opinion, *id*. at 5-7, 7-8. Both of the Trustee's arguments fail even on their own terms.

## ARGUMENT

　　1. As to advancing the termination of this litigation, the Trustee offers no answer to

POA's authority indicating that this requirement "is closely tied to the requirement that the order

involve a controlling question of law"—which the order here does involve, as the Trustee does

not deny. *See* Motion at 7-8. Nor does he dispute POA's explanation that this litigation is just

beginning. *Id*. at 8. He acknowledges that POA has not yet filed a substantive response to his

motion, *see* Obj. at 4 n.3, and he only can point to a motions hearing scheduled for late March, at

which all issues "may" or "could" be resolved, *id*. at 7 & 5. Yet a hearing on a motion, much

less one that has not been fully joined, is a far cry from an imminent trial on damages, as in a

case the Trustee cites in alleged support. *See id*. at 7. Also, as explained, it would not be

proper—and thus this Court should not consider it likely—for the bankruptcy court to resolve

through motions practice what amounts to a shareholder derivative suit. *See* Motion at 8, 12, 15.

　　2. The Trustee makes a greater effort to argue that no substantial ground for difference of

opinion exists, but that argument also fails. First, he still has not answered POA's longstanding

request to produce one case even arguably analogous to his effort to have a court direct removal

of an officer of a post-confirmation, non-debtor company engaged in ongoing business. *See* Motion at 11. He instead suggests that POA has conceded something in acknowledging the governing law constraining a bankruptcy court's post-confirmation "related to" jurisdiction to matters with a "close nexus" to the bankruptcy plan or proceeding. Obj. at 5-6. Nor does the Trustee directly answer POA's application of that law or even POA's observation that Judge Teel, in denying the motion to dismiss, contravened his own earlier recognition—in a decision in this case—of the limits of post-confirmation jurisdiction. *See* Motion at 9. The Trustee suggests—without citation—that this case involves "plan payments" being "waylaid to the investor claimants' detriment," Obj. at 6, yet Judge Teel made no finding that the actions of Mr. Rigger, POA's chief executive officer, had had any adverse effect, direct or indirect, on POA's ability to satisfy its obligations under the Plan to pay the debtor company's former creditors. *See* Motion, Ex. B, Tr. at 42-44. Nor did they. Similarly, the Trustee offers no response (nor did Judge Teel) to POA's observation that the Trustee's motion to remove Mr. Rigger involves no claim of a breach of the Plan and does not affect or involve its interpretation. Motion at 10.

Not only has the Trustee not cited an analogous case, but the cases he does cite undermine his contention that POA's appeal involves no substantial ground for difference of opinion. He seems to quote *In re Resorts International, Inc.*, 372 F.3d 154 (3d Cir. 2004), for the proposition that a bankruptcy court has post-confirmation "related to" jurisdiction over an action that "implicates the integrity of the bankruptcy process." Obj. at 6 (citing 372 F.3d at 167). Yet the two cases that *Resorts* discussed in connection with such a proposition involved disputes over funding of and payments pursuant to the reorganization plan. *See* 372 F.3d at 167-68 (discussing *Donaldson v. Bernstein*, 104 F.3d 547 (3d Cir. 1997), and *Bergstrom v. Dalkon Shield Claimants Trust*, 86 F.3d 364 (4th Cir. 1996)); *see also id*. at 165 (same). Nothing similar,

or with a similarly "close nexus to the bankruptcy plan or proceeding," *Resorts*, 372 F.3d at 167, is at issue here, as POA has shown—based on *Resorts*, *see* Motion at 9, 13-14.

The Trustee concludes by seeking to invoke a distinction between post-confirmation cases involving "a reorganized debtor engaging in ongoing business" and those involving "a liquidating plan."  Obj. at 7-8.  He cites only *In re Boston Regional Medical Center, Inc.*, 410 F.3d 100 (1st Cir. 2005), on which neither he nor Judge Teel relied below.  This last-ditch argument fails for two independent reasons.

First, for reasons that POA explained in its Motion, at 11 n.3, the Trustee's description mischaracterizes POA.  The Plan formed two distinct entities:  First, the Plan created a stand-alone private limited liability company, now known as POA, to which it assigned claims of certain creditors with their consent.  Second, the Plan created Premium Trust—defined as a liquidating trust—for those creditors who did not consent to invest in POA.  *See* Motion, Ex. C, First Amended Plan of Reorganization for Premium Escrow Services, Inc. § 7.2; Ex. C, Premium Liquidating Trust Agreement.  In addition, POA exists not just "to administer the Viatical Policies" but also to "engage in any other lawful business in which the Board of Managers may elect to engage"; and POA's Board may, "in its discretion" and "without approval" from its investors (the former creditors), extend the term of the company indefinitely beyond its initial five years.  *See* Ex. C, Limited Liability Company Agreement of Premium LLC §§ 2.2 & 2.4.

Second, *Boston Regional* is effectively just an application of the "close nexus" test to a particular set of facts.  *See In re Air Cargo, Inc.*, No. 06-2011, 2008 WL 352619, at *3-7 (Bankr. D. Md. Feb. 7, 2008); *see also Boston Reg'l*, 410 F.3d at 105 ("Whether or not BRMC prevails will *directly affect* the amount of the liquidating dividend paid to creditors.  There is, therefore, a *fairly close connection* . . . .") (emphases added); *id*. at 107 (suit "will *directly impact* the amount

- 4 -

of the liquidating dividend eventually paid to BRMC's creditors.  That is a matter *intimately connected* with the efficacy of the bankruptcy proceeding.") (emphases added).  Those facts do not apply here.  The rule of *Boston Regional*, which the Trustee omits, makes this clear:  "[W]e hold that when [1] a debtor (or a trustee acting to the debtor's behoof) commences litigation [2] designed to marshal the debtor's assets [3] for the benefit of its creditors [4] pursuant to a liquidating plan of reorganization, the compass of related to jurisdiction persists undiminished after plan confirmation."  *Id*. (numbering added).  The reorganized debtor had brought an adversary proceeding to obtain a large bequest pursuant to the will of a woman who had died a year before the debtor entered bankruptcy.  *See id*. at 103-04.

Here, by contrast, (1) neither the debtor nor a trustee acting on its behalf has brought the suit; rather, a third-party seeks to insert itself; (2) the Trustee's suit does not seek to "marshal" any assets belonging to the debtor and in fact seeks no monetary recovery, but rather a mandatory injunction; (3) for the same reason, the Trustee's suit will not financially benefit the former creditors who are POA's shareholders (much less those creditors who elected not to become shareholders of POA); and (4) the Plan, even if the Trustee were acting pursuant to it, is not a "strictly" liquidating plan as to POA, in contrast to the plan at issue in *Boston Regional*, which was "strictly a liquidating plan," in which the reorganized debtor's "sole purpose" was "to liquidate the marshaled assets and distribute the net proceeds" to creditors.  410 F.3d at 104.  Moreover, the Trustee's claim turns on Delaware corporate law rather than the Bankruptcy Code, and rests on actions years after confirmation.  *See Air Cargo*, 2008 WL 352619, at *5-6 (relying on these two factors).

## CONCLUSION

For the foregoing reasons, as well as those set out in its Motion, POA respectfully requests that this Court grant POA leave to file an interlocutory appeal challenging Judge Teel's order denying POA's motion to dismiss for lack of subject matter jurisdiction.


Dated: February 21, 2008

Respectfully submitted,

_____

Kevyn D. Orr  (443074)
Beth Heifetz  (417199)
C. Kevin Marshall  (476266)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
E-mail:  korr@jonesday.com

*Attorneys for PREMIUM OF AMERICA, LLC*

*Of Counsel*
Steven N. Leitess  (418754)
LEITESS LEITESS FRIEDBERG +
FEDDER PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, MD 21117
Telephone:  (410) 581-7400
Facsimile:  (410) 581-7410
E-mail:  steven.leitess@llff.com

## CERTIFICATE OF SERVICE

I, KEVYN D. ORR, Esq., hereby certify that on the date below I caused to be served a true and correct copy of the *Reply in Support of Motion for Leave to Appeal Bankruptcy Court's Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction* upon the following parties via first class U.S. Mail:

Dennis J. Early, Esq.
Office of U.S. Trustee
115 S. Union St.
Suite 210, Plaza Level
Alexandria, VA  22314

Wendell W. Webster, Esq.
Linda M. Correia, Esq.
Webster, Fredrickson & Brackshaw
1775 K Street, NW
Suite 600
Washington, DC  20006

Ira C. Rigger
1501 Ivy Hill Road
Cockeysville, MD  21030

Michael G. Weber, CPA
8015 Corporate Drive, Suite M
Baltimore, MD  21236

Thomas J. Dolina, Esq.
21 W. Susquehanna Avenue
Towson, MD  21204


Date:  February 21, 2008

_____
Kevyn D. Orr (443074)