UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

In re:

Premium Escrow Services, Inc.,

               Debtor.

U.S. District Court Case No.
1:08-cv-00295-JR

**MOTION TO STRIKE REPLY FILED IN SUPPORT OF MOTION
FOR LEAVE TO APPEAL BANKRUPTCY COURT'S ORDER DENYING
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States Trustee moves to the court, pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure, to strike the Reply Filed In Support Of Motion For Leave To Appeal Bankruptcy Court's Order Denying Motion To Dismiss For Lack Of Subject Matter Jurisdiction (hereinafter "Reply") filed by Premium of America, LLC (hereinafter "POA").  In support of this motion the United States Trustee states as follows:

**Background**

On November 17, 2007 the United States Trustee filed a Motion to Remove Chief Executive Officer and Chairman of the Board of Managers with the bankruptcy court.  POA on December 19, 2007 filed its Motion to Dismiss that motion pursuant to Federal of Civil Procedure 12(b)(1).  The bankruptcy court held a hearing on that motion on January 15, 2008 and denied the motion.  An order was subsequently entered on January 22, 2008 reflecting that ruling.

Office of United States Trustee
Dennis J. Early, Assistant US Trustee
115 South Union Street
Alexandria, VA 22314
(703) 557-7274

On January 31, 2008 POA filed a Notice of Appeal to the U.S. District Court of the January 22nd order and a Motion For Leave To Appeal Bankruptcy Court's Order Denying Motion To Dismiss For Lack Of Subject Matter Jurisdiction (hereinafter "Motion for Leave"). The United States Trustee filed an objection to the Motion for Leave on February 11, 2008. The Reply was filed on February 21, 2008.

## Legal Analysis

Interlocutory appeals of bankruptcy court orders are governed by Interim Rule of 8003 of the Federal Rules of Bankruptcy Procedure. More specifically, subsection (a) of that rule provides:

> **(a) CONTENT OF MOTION; ANSWER.** A motion for leave to appeal under 28 U.S.C. §158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition.

Under this section, the pleadings are closed with the filing of an answer (objection) in opposition. There is no provision permitting POA to file its Reply to the United States Trustee's answer, or the United States Trustee to file a response to POA's reply, and so forth and so forth. The language of the rule is clear and unambiguous. Noncompliance with the rule should not be condoned. Moreover, POA did not obtain leave of court to file the Reply. Nor does the rule authorize the clerk to transmit the Reply to the district court. The parties have set forth their arguments in the motion and answer. Moreover, POA does not cite any legal basis for its ability to file its Reply. Rule 8011 of the Federal Rules of Bankruptcy Procedure allows parties

to file procedural motions, like this motion, in bankruptcy appeals.  See also Fed. R. Bankr. P. 7012(f) (allowing the court to strike a pleading if, among other things, the pleading is not allowed).  POA's response to the United States Trustee's answer was not allowed.  It should not have been filed.

Wherefore, the United States Trustee moves the court to strike the Reply.

> Respectfully submitted
> W. Clarkson McDow, Jr.
> United States Trustee for Region Four
>
> /s/ *Dennis J. Early*
> Dennis J. Early - Assistant U.S. Trustee
> Office of the United States Trustee
> 115 S. Union Street - Suite 210
> Alexandria, Virginia 22314
> (703) 557-7176

## Certificate of Service

I hereby certify that on February 26, 2008 a true copy of this pleading was mailed by first class, postage pre-paid, U.S. mail to the following parties:

| | |
|---|---|
| Kevyn D. Orr, Esquire<br>Jones Day<br>51 Louisiana Ave., NW<br>Washington, D.C.  20001 | Steven N. Leitess, Esquire<br>Leitess Leitess et al<br>One Corporate Center<br>10451 Mill Run Circle - Suite 1100<br>Owings Mills, Md.  21117 |
| Ira C. Rigger<br>1501 Ivy Hill Road<br>Cockeysville, Md.  21030 | |

> /s/ *Paula F. Blades*
> Paula F. Blades
> Paralegal

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Premium Escrow Services, Inc.,<br><br>              Debtor. | U.S. District Court Case No.<br>     1:08-cv-00295-JR |

**ORDER STRIKING REPLY FILED IN SUPPORT OF MOTION**
**FOR LEAVE TO APPEAL BANKRUPTCY COURT'S ORDER DENYING**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

     This matter came before the court on the United States Trustee's Motion To Strike Reply Filed In Support Of Motion For Leave To Appeal Bankruptcy Court's Order Denying Motion To Dismiss For Lack Of Subject Matter Jurisdiction.

     For Good Cause having been shown it is hereby ORDERED that the Reply Filed In Support Of Motion For Leave To Appeal Bankruptcy Court's Order Denying Motion To Dismiss For Lack Of Subject Matter Jurisdiction filed by Premium Of America, LLC be, and hereby is, STRICKEN.

     It is further ORDERED that copies of this order shall be served by the clerk's office to counsel for Premium of America, LLC and the United States Trustee.

So Ordered:

_____                _____
Date                                                      James Robertson
                                                                     United States District Court Judge